IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMANUEL H. WINER,

    Plaintiff,

v.

CLAY TWP., MONTGOMERY
COUNTY, OHIO, et al.,

    Defendants.

Case No. 3:15-cv-276

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND NOT RULING
UPON IN PART DEFENDANTS CLAY TOWNSHIP, MONTGOMERY
COUNTY, OHIO, DAVID A. VORE, STEVEN A. WOOLF AND DALE R.
WINNER'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
(DOC. #10); PLAINTIFF EMANUEL H. WINER'S CLAIMS AGAINST
VORE AND WOOLF IN THEIR INDIVIDUAL CAPACITIES ARE
DISMISSED WITH PREJUDICE TO THE EXTENT THEY ARE
BROUGHT UNDER 42 U.S.C. § 1983; PLAINTIFF'S CLAIM FOR
DECLARATORY JUDGMENT (COUNT I AND PARAGRAPH E OF
PRAYER FOR RELIEF) IS DISMISSED WITHOUT PREJUDICE AS
UNRIPE TO THE EXTENT THAT IT IS BROUGHT UNDER
42 U.S.C. § 1983; DEFENDANTS' MOTION TO STRIKE (DOC. #15)
OVERRULED AS MOOT; CAPTIONED CASE REMANDED TO
MONTGOMERY COUNTY, OHIO, COURT OF COMMON PLEAS;
TERMINATION ENTRY

---

Plaintiff Emanuel H. Winer ("Plaintiff") alleges that the decision by the Board of Trustees of Defendant Clay Township, Montgomery County, Ohio ("Township"), to deny his request to rezone a parcel of land that he owns was a regulatory taking without just compensation, in violation of the Fifth and Fourteenth Amendments to the United States Constitution (action brought under 42 U.S.C. § 1983) and Ohio law. Doc. #1-12. Plaintiff filed suit against the Township and its Trustees, David A. Vore ("Vore"), Steven A. Woolf ("Woolf") and Dale R. Winner ("Winner"), in their official

capacities, and against Vore and Woolf in their respective individual capacities. The Township, Vore, Woolf and Winner (collectively "Defendants") now move for partial judgment on the pleadings. In the alternative, Defendants move to dismiss Plaintiff's claims against Vore and Woolf for ineffective service of process. Doc. #10. Also, Defendants move to strike portions of Plaintiff's memorandum in opposition to their motion, and the memorandum's attached exhibits. Doc. #15 (citing Doc. #12, PAGEID #102, 108-09). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a). For the reasons set forth below, Defendants' motion for partial judgment on the pleadings is SUSTAINED IN PART and not ruled upon in part, and Defendants' motion to strike is OVERRULED AS MOOT.

## I. FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY[1]

Since 1992, Plaintiff has owned a parcel of approximately four acres ("Property") in an area of the Township that is zoned as Business-2 ("B-2"). Doc. #1-12, ¶¶ 3, 5, 8, PAGEID #34. Plaintiff built a model home on the Property for use in his residential home construction business. *Id.*, ¶ 12, PAGEID #35. Upon his retirement in 2013, Plaintiff sought to convert the model home into his full-time residence, at which point he was informed that the B-2 zoning designation precluded him from having an occupied residential unit on the Property. *Id.*, ¶ 14, PAGEID #35-36. Plaintiff applied to have the Property rezoned as Planned Development-4 ("PD-4"), which would allow him to use the house as a residence. *Id.*, ¶ 15, PAGEID #36. Plaintiff's application was approved

---

[1] "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotation marks and citation omitted).


by the Township's Zoning Commission and the Montgomery County Planning Commission. *Id.*, ¶¶ 17-18, PAGEID #36-37. However, the Township Trustees—including Vore and Woolf, but not Winner—voted unanimously to deny Plaintiff's application. *Id.*, ¶¶ 19-20, PAGEID #37.

On July 14, 2015, Plaintiff filed suit, alleging that Defendants' "refus[al] to rezone the Property was arbitrary and capricious and bears no substantial relation to the public health, safety, morals or general welfare." *Id.*, ¶ 22. Plaintiff sought a declaratory judgment that the denial of his rezoning application was an uncompensated regulatory taking, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Ohio law. *Id.*, ¶¶ 23-27, PAGEID #37-38 (Count I).[2] Plaintiff also sought to enjoin Defendants "from interfering with Plaintiff's development and use of the subject tract pursuant to PD-4 zoning." *Id.*, ¶ 29, PAGEID #38 (Count II). In addition to declaratory and injunctive relief, Plaintiff sought $245,000 in compensatory damages against the Township, Vore and Woolf, and punitive damages against Vore and Woolf. *Id.*, PAGEID #39.

On July 15, 2015, Deputy M. Walters of the Montgomery County, Ohio, Sheriff's Office attempted to execute personal service upon the Township, Vore, Woolf and Winner by delivering all four summonses to the Township's offices and leaving them

---

[2] Plaintiff does not cite the any provision of the United States Constitution in connection with his claim under 42 U.S.C. § 1983, which "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). However, his claim and requested relief is properly read as arising under the Takings Clause of the Fifth Amendment, which has been incorporated against state and local governments via the Fourteenth Amendment. *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980) (quoting U.S. Const. amend. V) ("The pertinent words of the Fifth Amendment of the Constitution of the United States are the familiar ones: 'nor shall private property be taken for public use, without just compensation.' That prohibition, of course, applies against the States through the Fourteenth Amendment.").

3

with Michelle Williams, the Township's Administrative Assistant. Doc. #1-8; Doc. #1-9; Doc. #1-10; Doc. #1-11. Defendants removed the case on August 10, 2015, Doc. #1, and also answered the Complaint on that date. Doc. #4. In their answer, Defendants raised the affirmative defenses that: "[t]he Plaintiff has failed to state a claim upon which relief can be granted"; and "[t]here was insufficient service of process upon some Defendants." *Id.*, PAGEID #52.

On October 22, 2015, pursuant to Fed. R. Civ. P 12(c), Defendants moved for partial judgment on the pleadings, arguing that, for several reasons, Vore and Woolf should be dismissed from the case completely. Doc. #10, PAGEID #83-87. In the alternative, Defendants moved for Vore and Woolf to be dismissed, pursuant to Fed. R. Civ. P. 12(b)(5), because they were not properly served, and the Court thus lacks personal jurisdiction over them. *Id.*, PAGEID #79, 87-88. Further, Defendants moved for judgment on the pleadings on behalf of the Township with respect to: (1) Count I, to the extent that Plaintiff was raising a federal constitutional claim; (2) Count II in its entirety; and (3) paragraphs "e" and "h"[3] of Plaintiff's prayer for relief. *Id.*, PAGEID #88-91.

## II. LEGAL STANDARD

### A. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on

---

[3] In paragraph "e," Plaintiff prays for declaratory judgment that "Defendants' actions in refusing to rezone the Property and in restricting said Property to those uses permitted under B-2 only . . . constitutes a regulatory taking." Doc. #1-12, PAGEID #39. In paragraph "h," Plaintiff prays that "the Defendants . . . be restrained and enjoined from making application to any court to restrict the Plaintiff's premises so long as said premises are developed in conformity and in compliance with PD-4." *Id.*, PAGEID #40.

4

the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6)." *Wurzelbacher v. Jones-Kelly*, 728 F. Supp. 2d 928, 931 (S.D. Ohio 2010) (Marbley, J.) (citing *Ziegler v. IBP Hog Mkt.. Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2011)).

Fed. R. Civ. P. 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Fed. R. Civ. P. 12(b)(6) or 12(c) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Fed. R. Civ. P. 12(b)(6) or 12(c) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Rather, those conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id*. at 679.

### B. Motion to Dismiss for Insufficient Service of Process

"It is axiomatic that service of a summons must meet procedural requirements before a federal court can exercise personal jurisdiction over a defendant." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) (Graham, J.). "Pursuant to Fed R. Civ. P. 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made." *Id*. (citations omitted).

## III. ANALYSIS

### A. Plaintiff has Failed to State Claims against Vore and Woolf in their Individual Capacities

Defendants argue that Plaintiff's individual capacity claims arise solely from Vore and Woolf voting to deny Plaintiff's application to rezone the Property. Doc. #10, PAGEID #84 (citing Doc. #1-12, ¶¶ 19, 22, PAGEID #37). Further, Defendants claim, Plaintiff's allegation that the denial of his application was "arbitrary and capricious," Doc. #1-12, ¶ 22, PAGEID #37, was "'a legal conclusion couched as a factual allegation,'" which the Court need not accept as true. Doc. #10, PAGEID #84 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). In sum, Defendants argue, Plaintiff failed to allege that "the Trustees acted outside the scope of their employment and in bad faith, or include any other allegation that would place them on notice of their purported individual liability." *Id.* (internal quotation marks and citation omitted). Having failed to do so, Defendants argue, Plaintiff's claims against Vore and Woolf in their individual capacities should be dismissed. *Id.*, PAGEID #85.

Plaintiff's only allegations specifically directed at Vore and Woolf relate to their voting—in their official capacities as Township Trustees—to deny Plaintiff's rezoning application. In his memorandum *contra*, Plaintiff merely repeats his allegation that Vore and Woolf's "actions in this matter were arbitrary and capricious." Doc. #12, PAGEID #101. Such allegations may not form the basis for individual capacity claims. As Defendants note, the Ohio Supreme Court has held that the "authority to rezone is clearly a legislative function," Doc. #10, PAGEID #85 (citing *City of Moraine v. Bd. of Cnty. Comm'rs of Montgomery Cnty.*, 67 Ohio St.2d 139, 143, 423 N.E.2d 184 (1981)), and the U.S. Supreme Court "ha[s] held that state and regional legislators are entitled to

7

<u>absolute</u> <u>immunity</u> from liability under [42 U.S.C.] § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S.Ct. 966, 140 L.Ed.2d 79 (1989) (emphasis added) (internal quotation marks and citation omitted). Plaintiff provides no statutory or caselaw support for his argument that "[w]hen public officials act outside of appropriate bounds by arbitrary and capricious actions, immunity does not attach." Doc. #12, PAGEID #101. Indeed, that argument is at odds with *Bogan*. 523 U.S. at 54 ("[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it.").

As Vore and Woolf were fulfilling a legislative function when they voted to deny Plaintiff's rezoning request, and Plaintiff alleges no other wrongdoing, they are absolutely immune from suit in their individual capacities under 42 U.S.C. § 1983, with respect to their decision to deny Plaintiff's request. *Bogan*, 523 U.S. at 49. Accordingly, Plaintiff's individual capacity claims against Vore and Woolf, including his prayers for compensatory and punitive damages against them, Doc. #1-12, PAGEID #39, are dismissed with prejudice to the extent that they are brought under 42 U.S.C. § 1983.[4]

### B. Plaintiff's Claim Against the Township under 42 U.S.C. § 1983 is not Ripe

Plaintiff claims that the Township's[5] refusal to rezone the Property was "an unconstitutional taking under color of law[,] and as a result thereof[,] Plaintiff has

---

[4] Having held that absolute immunity bars Plaintiff's individual capacity claims against Vore and Woolf, the Court will not review or opine on Defendants' qualified immunity or ineffective service of process arguments.

[5] Plaintiff's claims against the Vore, Woolf and Winner in their official capacities are "'in all respects[,] other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166, 105

8

suffered great economic damage and is entitled to compensation under the provisions of Ohio law and in [*sic*] 42 [U.S.C. §] 1983." Doc. #1-12, ¶ 26, PAGEID #38. In paragraph "e" of his prayer for relief, Plaintiff seeks a declaratory judgment that the denial of his rezoning application "constitutes a regulatory taking." *Id.*, PAGEID #39.

Defendants argue in their motion for judgment on the pleadings that Plaintiff's takings claim is premature, as Plaintiff has not alleged "that the Government has both taken property <u>and</u> denied just compensation." Doc. #10, PAGEID #88 (quoting *Horne v. Dep't of Agric.*, --- U.S. ---, 133 S.Ct. 2053, 2062, 186 L.Ed.2d 69 (2013)) (emphasis in original). The Court agrees. Plaintiff has not alleged that he submitted a request to the Township to be compensated for the alleged taking, much less that the Township denied such a request. Moreover, "Ohio has a statutory provision that requires public officials to bring an appropriation action prior to taking any private property," *Coles v. Granville*, 448 F.3d 853, 864 (6th Cir. 2006) (citing Ohio Rev. Code §§ 163.01-163.62), and the Ohio Supreme Court has held that seeking a writ of *mandamus* "is the appropriate vehicle for compelling appropriation proceedings by public authorities where an involuntary taking of private property is alleged." *BSW Dev. Grp. v. City of Dayton*, 83 Ohio St.3d 338, 341, 669 N.E.2d 1271 (1998) (*per curiam*). Plaintiff does not allege that the Township brought an appropriation action with respect to the Property. Nor does he allege that he sought a writ of *mandamus* to compel such an action. Plaintiff's failure to "seek compensation through the procedures the State has provided for doing so" means that his takings claim brought under 42 U.S.C. § 1983, as pled, is not ripe.

---

S.Ct. 3099, 87 L.Ed.2d 114 (1985), and the Township is already a named defendant. Thus, for the purpose of the motion for judgment on the pleadings with regard to Vore, Woolf and Winner in their official capacities, the Court considers the Township to be the only remaining defendant.

9

*Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Accordingly, Plaintiff's regulatory taking claim (Count I) and paragraph "e" of Plaintiff's prayer for relief are dismissed without prejudice, to the extent that the claim and prayer is brought under 42 U.S.C. § 1983.

With the dismissal of Plaintiff's claims against the Township, Vore and Woolf to the extent that they are brought under 42 U.S.C. § 1983, the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). With respect to the remaining state law claims, this Court's supplemental jurisdiction, 28 U.S.C. § 1367, is a "doctrine of discretion" that must be exercised narrowly:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218. As this is not a case where "the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues," *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (internal quotation marks and citation omitted), the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims. Accordingly, the Court does not rule on the remainder of Defendants' motion for partial judgment on the pleadings, and Plaintiff's remaining, state law claims are remanded to the Montgomery County, Ohio, Court of Common Pleas.[6]

---

[6] The Court, in granting Defendants' desired relief on Plaintiff's 42 U.S.C. § 1983 claim, and declining to exercise supplemental jurisdiction over Plaintiff's state law claims, has done so without reviewing portions

IV. CONCLUSION

For the foregoing reasons, the Defendants' motion for partial judgment on the pleadings, Doc. #10, is SUSTAINED IN PART and not ruled upon in part. Plaintiff's claims against Vore and Woolf in their individual capacities are dismissed with prejudice, to the extent that those claims are brought under 42 U.S.C. § 1983. Plaintiff's regulatory takings claim against the Township (Count I and paragraph "e" of prayer for relief) is dismissed without prejudice to the extent that it is brought under 42 U.S.C. § 1983. Defendants' motion to strike portions of Plaintiff's memorandum in opposition and attached exhibits, Doc. #15, is OVERRULED AS MOOT. Plaintiff's remaining claims are remanded to the Montgomery County, Ohio, Court of Common Pleas.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: July 6, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

of Plaintiff's memorandum in opposition and exhibits that were the subject of Defendants' motion to strike. Doc. #15. Accordingly, the motion to strike is overruled as moot.

11